IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIO LAMBOY RUIZ,<br><br>         Plaintiff,<br><br>v.<br><br>MILLENNIUM SQUARE RESIDENTIAL ASSOCIATION, et al.<br><br>         Defendants. | Civil Action No. 15-1014 JDB |

**MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL ARBITRATION**

COMES NOW Plaintiff Dr. Julio Lamboy Ruiz ("Plaintiff"), by and through his undersigned counsel, and respectfully presents this Memorandum in Opposition to the Motion to Compel Arbitration filed in this action by Defendants Millennium Square Residential Association and Millennium Square Unit Owners Association (collectively, the "Defendants") and states as follows:

**INTRODUCTION**

This matter concerns the improvements and alterations to Plaintiff's condominium unit and whether such improvements and alterations were approved by Defendants and may remain as constructed. Conspicuously absent from Defendants' Motion to Compel is the actual language of the arbitration provision at issue: Section 19.2 of the Bylaws of Millennium Square, a Condominium ("Bylaws"). A review of the plain terms of Section 19.2 reveals Defendants' reluctance to place this language squarely before the Court as the provision is so pervasively one-sided that it is not a legitimate means for dispute resolution and is, instead, unconscionable and unenforceable.

Section 19.2(b) of the Bylaws provides,

>Section 19.2. <u>Arbitration</u>.  Arbitration pursuant to these Bylaws shall consist of the appointment of an independent arbitrator by the members of the Board of Directors who are Residential Unit owners, the appointment of a second independent arbitrator by the members of the Board of Directors who are Commercial Unit owners and the appointment of the third arbitrator by the two previously appointed arbitrators.  These arbitrators shall be requested to reach a decision within thirty (30) days after their appointment.  The cost of arbitration shall be paid by the losing party unless the arbitrators determine that the cost should be a Common Expense.  If the arbitrators determine that the action of the Board of Directors, the Unit Owners Association, the Residential Executive Committee, the Residential Association, the Commercial Executive Committee of the Commercial Association violates the Condominium instruments or has so prejudiced a Unit owners' interests, such action shall not be taken.

(Bylaws, Section 19.2.)

The selection of arbitrators unilaterally by Defendants with no input by Plaintiff, as well as the utter lack of any procedural rules and the practical inability to conduct discovery due to the grossly abbreviated thirty (30) day schedule unquestionably renders Section 19.2 unconscionable and unenforceable.  Arbitration should not be compelled and this matter should proceed through this Court.

## ARGUMENT

Though federal courts have long recognized a policy favoring arbitration agreements, the Supreme Court has "also made clear that there is an exception to this policy: the question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise[.]'" <u>Skrynnikov v. Federal National Mortgage Assoc.</u>, 943 F.Supp.2d 172, 176 (D.D.C., 2013), quoting, <u>AT & T Technologies, Inc. v. Communications Workers of America</u>, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).  In determining whether an agreement to arbitrate exists, ordinary state law questions of contract formation and

2

interpretation apply.  Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 123 S.Ct. 588, 592, 154 L.Ed.2d 491 (2002); Skrynnikov, 943 F.Supp.2d at 177.

"In order for an arbitration agreement to be enforceable, the D.C. Circuit has required that it: (1) provide for a neutral arbitrator; (2) provide for more than minimal discovery; (3) require a written award; (4) provide for all types of relief that would otherwise be available in court, and (5) not require employees to pay either unreasonable costs or any arbitrator's fees or expenses as a condition of access to the arbitration forum." Sapiro v. Verisign, 310 F.Supp.2d 208, 214 (D.D.C. 2004), citing, Cole v. Burns International Security Services, 105 F.3d 1465, 1484 (D.C.Cir.1997).  Moreover, under the laws of the District of Columbia, an arbitration provision may be void on the grounds that it is unconscionable.  Fox v. Computer World Services Corp., 920 F.Supp.2d 90, 97 (D.D.C. 2013).  "The party seeking to establish unconscionability must prove not only that one of the parties lacked a meaningful choice but also that the terms of the contract are unreasonably favorable to the other party." Association of Am. Med. Colleges v. Princeton Review, Inc., 332 F. Supp. 2d 11, 16 (D.D.C. 2004).

> 1. **Section 19.2 Fails as it Does Not Provide for a Neutral Arbitrator**

An arbitration agreement which is "crafted to ensure a biased decisionmaker" is unenforceable.  Hooters of America, Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999); Murray v. United Food and Commercial Workers International Union, 289 F.3d 297 (4th Cir. 2002); Harold Allen's Mobile Home Factory Outlet, Inc., 825 So. 779 (Ala. 2002).  It is axiomatic that any selection process which prohibits both parties to equally participate in the selection of a purportedly neutral arbitrator calls into question the neutrality of the arbitrator.

In Hooters of America, the parties' arbitration agreement crafted a process by which the employee and Hooters each selected an arbitrator, and the two arbitrators then agreed on a third

arbitrator.  However, the "employee's arbitrator and the third arbitrator must be selected from a list of arbitrators created exclusively by Hooters." Hooters of America, 173 F.3d at 938-39.  This process of selection,

> gives Hooters control over the entire panel and places no limits whatsoever on whom Hooters can put on the list. Under the rules, Hooters is free to devise lists of partial arbitrators who have existing relationships, financial or familial, with Hooters and its management. In fact, the rules do not even prohibit Hooters from placing its managers themselves on the list. Further, nothing in the rules restricts Hooters from punishing arbitrators who rule against the company by removing them from the list. Given the unrestricted control that one party (Hooters) has over the panel, the selection of an impartial decision maker would be a surprising result.

Hooters of America, 173 F.3d at 939.

In Murray, the parties' arbitration agreement created a selection process whereby a "single arbitrator shall be chosen by the alternate strike method from a list of arbitrators provided by the [defendant]" with no input from the plaintiff.  Murray, 289 F.3d at 300.  The Fourth Circuit, finding that the arbitration requirement was unconscionable, noted "we again refuse to enforce an agreement so utterly lacking in the rudiments of even-handedness." Murray, 289 F.3d at 303.  While the parties agreeing to arbitrate their dispute trade one forum for another, they "do not agree to forego their right to have their dispute fairly resolved by an impartial third party… In such a case, the agreement is unconscionable and one under which the prospective litigant cannot effectively vindicate the statutory cause of action." Murray, 289 F.3d at 303-04.

Similarly, in Harold Allen's, the Supreme Court of Alabama was presented with an arbitration agreement in which the seller of a mobile home sought to enforce an arbitration provision which provided that the seller had an unfettered right to select the arbitrator.  In deciding that such a one-sided provision was unconscionable, the Supreme Court of Alabama noted, "[o]ur research has not disclosed a single case upholding a provision in an arbitration

4

agreement in which appointment of the arbitrator is within the exclusive control of one of the parties."[1]  Harold Allen's Mobile Home Factory Outlet, Inc., 825 So. at 784; compare Lackey v. Green Tree Financial Corp., 330 S.C. 388 (1998) (enforcing arbitration provision allowing one party to select arbitrator subject to veto of another); Dorsey v. H.C.P. Sales, Inc., 46 F.Supp.2d 804 (N.D.Ill. 1999) (enforcing arbitration provision in which one party selected arbitrator subject to consent of other party.)

In the matter *sub judice*, Section 19.2 is unconscionable just as the similar provisions in Hooters of America, Murray and Harold Allen's.  The first arbitrator is to be unilaterally selected by the Board of Directors who are Resident Unit owners and the second arbitrator is to be selected by the Board of Directors who are Commercial Unit owners.  Each of these two entities—as well as the affiliated Defendants—have a vested interest in the outcome of the decision which is directly contrary to Plaintiff's interest.  Plaintiff is barred from the selection process in its entirety.  Such a provision utterly lacks the rudiments of even-handedness.

As the Plaintiff is excluded from the selection process and as Defendants are the sole selectors of the arbitrators, the process is unfair, unconscionable and violates Sapiro.  Plaintiff should not be required to forego his right to have his dispute fairly resolved by an impartial third party.  The arbitration provisions of Section 19.2 are unenforceable and arbitration should not be compelled by this Court.

### 2.     Section 19.2 Fails as it Does Not Provide for More than Minimal Discovery

An arbitration agreement which fails to provide for more than minimal discovery is unenforceable.  Sapiro, 310 F.Supp.2d at 214.  Requiring some form of sufficient discovery

---

[1] While the Supreme Court of Alabama made its announcement on January 18, 2002 that it was unable to find any such case, undersigned counsel—thirteen (13) years later—has likewise been unable to find any such case and no such case is cited by the Defendants in their Memorandum in Support.

serves the purpose of having a forum in which the parties have a fair opportunity to present their claims.  Booker v. Robert Half International, Inc., 413 F.3d 77, 82 (2005).

Here, Section 19.2 fails to mandate any discovery and fails to incorporate any arbitration rules of any kind by which discovery is allowable.  Section 19.2 does not incorporate any rules of any arbitration association.  Instead, not only does it fail to expressly or implicitly allow for any discovery, the abbreviated thirty (30) day schedule effectively bars discovery as Section 19.2 requires that the "arbitrators shall be requested to reach a decision within thirty (30) days after their appointment."  It is inconceivable that the parties could engage in effective discovery in such a grossly compacted schedule.

In drafting Section 19.2, the Defendants envisioned a speedy resolution.  However, their rush to a decision prevents the taking of any discovery.  The lack of any meaningful discovery renders the arbitration provision unenforceable and arbitration should not be compelled by this Court.

### 3. Section 19.2 Fails as it Does Not Require a Written Award

An arbitration agreement which fails to require a written award is unenforceable.  Sapiro, 310 F.Supp.2d at 214.  Nowhere within Section 19.2 are the arbitrators required to provide a written decision.  The lack of any meaningful requirement that the arbitrators provide a written decision renders the arbitration provision unenforceable and arbitration should not be compelled by this Court.

WHEREFORE, Dr. Julio Lamboy Ruiz respectfully requests this Court deny the Motion to Compel Arbitration and that this action be permitted to proceed in this Court together with any further relief deemed just and proper by this Court.

                    Respectfully submitted,
                    JACKSON & CAMPBELL, P.C.

                    */s/ Christopher A. Glaser, Esq.*
                    Christopher A. Glaser (DC Bar # 463583)
                    1120 20th Street, N.W., South Tower
                    Washington, DC 20036
                    Telephone: (202) 457-1600
                    Facsimile:  (202) 457-1678
                    Email:  cglaser@jackscamp.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which caused service to the following:

John D. Sadler, Esq.
Shelah F. Lynn, Esq.
Ballard Spahr, LLP
1909 K Street, N.W.
12th Floor
Washington, C  20006

                    */s/ Christopher A. Glaser*
                    Christopher A. Glaser, Esq.